### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE M. HOGUE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-05-0965-HE |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff Johnnie Hogue instituted this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Robert E. Bacharach, who recommended that the decision of the Commissioner be affirmed.

Plaintiff filed an application for disability insurance benefits on September 6, 2000. Her application was denied initially and on reconsideration. After hearing on March 5, 2002, an Administrative Law Judge ("ALJ") found that plaintiff was not disabled. The Appeals Council remanded the case. A different ALJ conducted a hearing on November 12, 2003 and determined that plaintiff was not disabled because she retained the ability to perform her past relevant work at the light exertional level. The Appeals Council denied the plaintiff's request for review, making this decision the final decision of the Commissioner.

Plaintiff challenged the Commissioner's decision on the grounds that the ALJ failed to properly discuss medical evidence relating to obstructive sleep apnea and failed to call a medical expert to testify as to the alleged onset date of disability due to obstructive sleep apnea. The magistrate judge found that the ALJ did not act improperly when he did not discuss the August 4, 2004 written assessment by Dr. Shrilekha E. Parikh because the assessment was not relevant to the ALJ's determination. Further, the magistrate judge held that the ALJ was not compelled pursuant to Social Security Ruling 83-20 to elicit testimony from a medical expert because the ruling was not applicable under the circumstances.

In her objection to the magistrate judge's findings,[1] plaintiff asserted that "Dr. Parikh's reference to [plaintiff's] commencement of treatment in 2001 was very likely referring to June 28, 2001, two days prior to her date last insured." Plaintiff's argument on this point is at best speculative.[2] Moreover, regardless of whether there is evidence that plaintiff began treatment for her obstructive sleep apnea prior to her date last insured, Dr. Parikh's report does not provide evidence that plaintiff was actually disabled before her date last insured. *See* Adams v. Charter, 93 F.3d 712, 714-15 (10th Cir. 1996) (affirming decision that claimant was not disabled where claimant's physician stated that claimant very likely

---

[1]Plaintiff attempts to incorporate the arguments in her opening brief into her objection but this is ineffective. See Fed. R.Civ.P. 72; United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[2] *Dr. Parikh's August 4, 2004 assessment only states "Date began treatment: 2001." The assessment makes no mention of what month in 2001.* Administrative Record, p. 387.

suffered from syndrome prior to date last insured but physician did <u>not</u> state that claimant was <u>actually disabled</u> before date last insured). Plaintiff's argument that the court should not rely on "technical sentence tense" is unpersuasive in the face of Dr. Parikh's four-page assessment phrased almost wholly in the present tense. Likewise, plaintiff's attempt to distinguish the cases cited by the magistrate judge is unpersuasive. While plaintiff is correct that those cases are not identical to the case at hand, the distinctions that plaintiff points to do not alter the analysis.

Further, plaintiff argues that a medical expert should have been called to testify pursuant to Social Security Ruling 83-20 because the medical evidence as to onset of disability was ambiguous. In part, the argument relies on the same alleged ambiguity referenced and addressed above. Beyond that, plaintiff acknowledges that the Tenth Circuit has held that Social Security Ruling 83-20 does not apply when there have been pertinent medical examinations before and after the alleged disability onset date, *see* <u>James v. Chater</u>, 96 F.3d 1341, 1343 (10th Cir. 1996), *overruled on other grounds by* <u>Sims v. Apfel</u>, 530 U.S. 103 (2000), but still urges the court to adopt the approach outlined by a district court sitting in Illinois in <u>Campbell v. Chater</u>, 932 F.Supp. 1072 (N.D.Ill. 1996). This court is bound by the Tenth Circuit precedent set out in <u>James</u>.

Having reviewed the record and given the plaintiff's objections de novo review, and being in agreement with Magistrate Judge Bacharach's analysis, the court adopts his Report and Recommendation. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 29th day of January, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE